**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| ROBSON LIMA RAMOS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No.: 26-CV-10211-AK |
| v. | ) | |
| | ) | |
| TODD BLANCHE, in his official capacity | ) | |
| As Acting Attorney General of the United | ) | |
| States; MARKWAYNE MULLIN, in his | ) | |
| official capacity as Secretary of the | ) | |
| Department of Homeland Security; | ) | |
| PATRICIA HYDE, in her official capacity | ) | |
| as Field Office Director, Enforcement & | ) | |
| Removal Operations, U.S. Immigration and | ) | |
| Customs Enforcement, Boston Field | ) | |
| Office; ANTONE MONIZ, in his official | ) | |
| capacity as Superintendent, Plymouth | ) | |
| County Correctional Facility; | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**MEMORANDUM AND ORDER ON**
**PETITION FOR A WRIT OF HABEAS CORPUS**

**ANGEL KELLEY, D.J.**

Petitioner Robson Lima Ramos ("Petitioner") brings an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") challenging his immigration detention by U.S. Immigration and Customs Enforcement ("ICE") since January 11, 2026. [Dkt. 13]. Petitioner alleges inadequate medical treatment during detention and that his detention does not serve the regulatory purpose of securing his removal. Respondents oppose the Petition, claiming Petitioner is properly detained under 8 U.S.C. § 1231 being subject to a final order of removal, and that his medical treatment is not inadequate to merit habeas relief. [Dkt. 34]. For the following reasons, the Petition is **DENIED WITHOUT PREJUDICE**.

1

## I.    BACKGROUND

Petitioner is a 39-years old noncitizen, who has resided in the United States for over 21 years.  Petitioner is a native and citizen of Brazil. [Dkt. 13-2 at 4].  He entered the United States on March 26, 2005. [Id.].  Upon entry, he was served Notice to Appear ("NTA"), which charged Petitioner under 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without being admitted or paroled. [Id.].  The NTA did not specify date and time of Petitioner's hearing in his removal proceedings. [Id. at 2].  On August 10, 2006, an immigration judge ordered Petitioner removed for non-appearance. [Dkt. 13-1 at 2].  As a result, on September 7, 2006, ICE issued a warrant of removal against Petitioner. [Dkt. 13-3 at 2].  Petitioner is admittedly subject to a final order of removal. [Dkt. 1 ¶ 1].

On January 11, 2026, ICE arrested Petitioner. [Dkt. 33 at 1].  On January 19, 2026, Petitioner filed the instant habeas petition, challenging his detention and seeking a stay on his transfer and removal as his counsel was in process of obtaining his administrative record to prepare a motion to reopen his removal proceedings before immigration court. [Dkt. 1].  On March 16, 2026, Respondents filed a Notice of Intent to Transfer Petitioner to Effectuate Removal. [Dkt. 14].  The next day, Petitioner objected, stating his motion to reopen and rescind his in-absentia removal order was mailed to immigration court on March 16, 2026, which automatically stays his removal. [Dkt. 16].  Respondents agreed, and, as a result, withdrew the notice. [Dkt. 19 ¶ 5].

On April 2, 2026, an immigration judge denied Petitioner's motion to reopen and rescind in-absentia his removal order. [Dkt. 21-1].  As a result, the stay on his removal expired.  On April 10, 2026, Respondents again filed a Notice of Intent to Transfer Petitioner to Effectuate Removal, stating that Petitioner has neither appealed the immigration judge's denial nor sought a

stay of removal before Board of Immigration Appeals (BIA). [Dkt. 21]. That same day, Petitioner notified the Court that he mailed his appeal to the BIA on April 8, 2026. [Dkt. 22]. Petitioner also filed a motion for emergency stay of removal with the BIA, as appeal with BIA does not automatically stay removal. [Dkt. 25]. Accordingly, Petitioner moved the Court to maintain a stay on his transfer and removal until BIA reaches a decision. [Id.] The Court granted the stay on April 16, 2026, with a direction to BIA to adjudicate on Petitioner's motion for discretionary stay within 30 days. [Dkt. 29].

On May 12, 2026, the BIA denied Petitioner's motion for stay of removal. [Dkt. 31-1]. Petitioner's appeal of the immigration judge's decision, however, remains pending with the BIA. On May 20, Petitioner, thus, amended his habeas petition, bringing claims of inadequate medical treatment in detention and unlawfulness of detention. Respondents oppose, arguing detention is lawful, removal is imminent, and the claim of inadequate medical treatment is unfounded.

## II.     LEGAL STANDARD

Section 2241 confers jurisdiction on this Court to order the release of any person who is held in the custody of the United States in violation of the "laws . . . of the United States" or the United States Constitution. 28 U.S.C. § 2241(c). The burden rests on the person in custody to prove his detention is unlawful. Espinoza v. Sabol, 558 F.3d 83, 89 (1st Cir. 2009) (citing Walker v. Johnston, 312 U.S. 275, 286 (1941)).

## III.    DISCUSSION

The detention and removal of noncitizens with final orders of removal is governed by 8 U.S.C. § 1231 ("Section 1231"). Under Section 1231(a)(1)(A), "the Attorney General shall remove the alien from the United States within a period of 90 days," called the "removal period," following a final order of removal. 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the

3

date the order of removal becomes administratively final. Id. § 1231(a)(1)(B)(i).  Importantly,

"DHS need not wait for the alien to seek, and a court to complete, judicial review of the removal

order before executing it.  Rather, once the BIA has reviewed the order (or the time for seeking

the BIA's review has expired), DHS is free to remove the alien *unless* a court issues a stay."

Johnson v. Guzman Chavez, 594 U.S. 523, 534-35 (2021) (emphasis in original).

"During the removal period, detention is mandatory." Johnson v. Guzman Chavez, 594

U.S. 523, 528 (2021) (citing 8 U.S.C. § 1231(a)(2)).  After the removal period has passed, as in

the instant case, detention is subject to a discretionary framework under Section 1231(a)(6), as

opposed to Section 1231(a)(1)(A)'s mandatory framework.  Under Section 1231(a)(6), ICE may

extend detention beyond the removal period for individuals either inadmissible to the United

States pursuant to 8 U.S.C. § 1182; subject to certain grounds of removability from the United

States pursuant to 8 U.S.C. § 1227; or for those whom immigration authorities have determined

to be a risk to the community or unlikely to comply with the order of removal.  If a noncitizen

falls under any of these categories and is nonetheless released, their release "shall be subject to

the terms of [8 U.S.C. § 1231(a)(3)]." 8 U.S.C. § 1231(a)(6).

Detention under Section 1231 cannot be indefinite. Zadvydas v. Davis, 533 U.S. 678, 689

(2001).  Zadvydas limits the duration of post-removal-period detention "to a period reasonably

necessary to bring about that alien's removal from the United States." Id.  Federal courts are

authorized to determine reasonableness, and the courts should do so "primarily in terms of the

statute's basic purpose, namely, assuring the alien's presence at the moment of removal." Id. at

699.  Where "removal seems a remote possibility at best," "preventing flight" is a "weak or

nonexistent" justification. Id. at 690.  "[W]here detention's goal is no longer practically

attainable, detention no longer 'bear[s][a] reasonable relation to the purpose for which the

4

individual [was] committed.'" Id. (quoting Jackson v. Indiana, 406 U.S. 715, 738 (1972) (alteration in original)).

To support courts in the reasonableness determination, the Supreme Court found detention of up to six months is presumptively reasonable under Section 1231. Id. at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id. "[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." Id. at 699-700.

Here, Petitioner has been detained since January 11, 2026. At present, his detention is presumptively reasonable because it is less than six months. Even if Petitioner's detention becomes presumptively unreasonable as his detention approaches six months mark, the record does not show that there is no significant likelihood of his removal. Petitioner claims his detention is "indefinite" and does not serve any regulatory purpose to secure his removal. The record, however, suggests otherwise. Since his detention, Respondents have submitted two notices to effectuate his removal, indicating that there is significant likelihood of Petitioner's removal in the reasonably foreseeable future. Additionally, Petitioner has not challenged the likelihood of his removal, or imminence thereof, under Zadvydas. He also does not show any bar that would make his removal not significantly likely. Accordingly, Petitioner's challenge to his detention under 8 U.S.C. § 1231 fails.

Lastly, Petitioner challenges his detention based on alleged inadequate medical treatment during detention. Petitioner claims his medical conditions of "ocular toxoplasmosis affecting his right eye" and "elevated blood pressure" were inadequately monitored and will worsen during

5

detention.  The record, however, suggests that, during medical screening after arrest, Petitioner did not disclose any medical conditions and refused his physical examination.  Petitioner also did not request any medical care during detention.  Apparently, he disclosed his medical condition to his counsel, who then reached out to the detention center, resulting in an examination on May 28, 2026.  He was accordingly started on medication and was referred to see an optometrist onsite. On May 29, the optometrist examined Petitioner and ordered him glasses. Petitioner contends that instead of an optometrist, ophthalmologist was more suited for his care.  The record, however, does not indicate any additional medical complaint or examination.

As alleged, these facts do not challenge his detention.  Even if the Court construes inadequate medical treatment as a constitutional challenge to confinement, the present record does not show an ""unmet serious medical need" likely to result in future harm." Bautista Guerrero v. Lyons, No. 25-cv-13525-BEM (D. Mass. 2025), Dkt. 15 (quoting Gomes v. US Dep't of Homeland Sec., Acting Sec'y, 460 F. Supp. 3d 132, 146 (D.N.H. 2020)).  However, given the future events may change Petitioner's medical conditions or likelihood of removal, the Court denies Petition without prejudice.

## IV.    CONCLUSION

For the foregoing reasons, Mr. Lima Ramos' Petition is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

Dated: July 10, 2026                                             /s/ Angel Kelley
                                                                Hon. Angel Kelley
                                                                United States District Judge

6